**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **BRIAN HUSSEY & KIMBERLY GENTRY,** | § | |
| **ON BEHALF OF THEMSELVES AND ALL** | § | |
| **OTHERS SIMILARLY SITUATED** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | **Civ. No. 5:21-cv-1064** |
| **V.** | § | |
| | § | **JURY DEMANDED** |
| **AMINO TRANSPORT, INC.** | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Brian Hussey ("Hussey") and Kimberly Gentry ("Gentry"), on behalf of themselves and all others similarly situated ("Plaintiffs") file this Original Complaint against Defendant Amino Transport, Inc. ("Amino" or "Defendant"):

## I.      PARTIES

1.      Plaintiff Brian Hussey is an individual domiciled in Bexar County, Texas.

2.      Plaintiff Kimberly Gentry is an individual domiciled in Tarrant County, Texas.

3.      Defendant Amino Transport, Inc. is a Texas corporation. It may be served through its registered agent for service of process, William M. Stromberg Jr., at 223 NE Loop 820, Suite 101, Hurst, Texas 76053.

## II.      JURISDICTION AND VENUE

4.      This Court has jurisdiction pursuant to 28 U.SC. §§ 1331 and 1345, and § 16(b) of the FLSA, 29 U.S.C. § 216(b), which provides, "An action to recover liability prescribed in either of the preceding sentences may be maintained against any employer . . . in any federal or

state court of competent jurisdiction by any one or more employees for and on behalf of himself and themselves and other employees similarly situated."

5.     This Court has supplemental jurisdiction over the breach of contract claims.

6.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## IV.     FACTUAL ALLEGATIONS

7.     Amino is a transportation logistics company.

8.     Hussey has worked for Amino since 2003. Although he has performed several jobs for the company, he has worked as an Account Manager since 2017.

9.     Gentry has worked for Amino since 2002 and for all relevant time periods has worked as an Account Manager.

10.     Account Managers, which are also referred to as Brokers, for Amino are all responsible for managing customer relationships, developing new accounts, and assisting customers with their shipping needs.

11.     For many years, Hussey, Gentry, and all other Account Managers were classified as exempt and unable to earn overtime. On December 2, 2016, however, Human Resources Manager Allie Rivera informed all Account Managers that, effective the next day, "we will be changing your classification from exempt to non-exempt. Your pay will now be depended on how many hours you work each week. . . . If you work more than 40 hours in a work week, you will receive overtime pay."

12.     Rivera informed all Account Managers, "**Our company goal is to keep overtime at a minimum**." (emphasis in original).

13.    In order to meet this "company goal" of minimum overtime, Amino supervisors expressly informed Account Managers, including Gentry and Hussey, that they were not allowed to record all the hours they worked in order to minimize overtime payments.

14.    Account Managers, including Gentry and Hussey, regularly worked more than 60 hours each week and were permitted to record on 40 hours of work weekly. Amino supervisors were aware that Account Managers, including Gentry and Hussey, regularly worked overtime hours and nevertheless instructed them not to report it.

15.    Hussey, who worked as a supervisor for a time before 2018, was instructed by his own supervisors to tell all Amino employees, including Account Managers, that they were not permitted to report overtime hours on their time sheets.

16.    On August 24, 2018, Amino introduced a new Commission Policy for Account Managers, including Gentry and Hussey. This Commission Policy did not change Account Managers' entitled to overtime for all hours worked over forty. This Commission Policy set forth the commissions each Account Manager would earn based on their monthly gross profit and the monthly percentage of gross profit.

17.    Gentry, Hussey, and all other Account Managers worked under this 2018 Commission Policy until October 2021. At that time, Amino informed Gentry, Hussey, and all other Account Managers that their compensation plan would change drastically effective November 1, 2021.

18.    Specifically, effective November 1, 2021, Gentry, Hussey, and all other Account Managers would earn only a base salary (which was approximately half of what their had previously earned) or commissions, whichever was higher. Critically, however, these commissions would only be based on deals they had already performed all work on and closed.

These commission payments should have been based on the 2018 Commission Plan but instead Amino was changing Account Managers' compensation after the fact. Moreover, because each Account Manager would be required to choose between previously earned commissions and their salary, they would have to give up tens of thousands of dollars they had been promised and already earned.

19.     Gentry estimates she would be denied approximately $22,800 in commissions she had already fully earned and expected to receive based on work already performed.

20.     Hussey estimates he would be denied approximately $60,000 in commissions he had fully earned and expected to receive based on work already performed.

### IV.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION: FLSA – OVERTIME WAGES

21.     The preceding paragraphs are incorporated herein for all purposes.

22.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et. seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiffs and the putative class members.

23.     Defendant classified Plaintiffs as nonexempt from overtime.

24.     By forcing Plaintiffs not to report all time worked, Defendant failed to pay Plaintiffs and the putative class members overtime wages at time and a half of their regular rate for hours that they worked over 40 hours in a work week.

25.     Additionally, on the rare occasions when Plaintiffs were permitted to record their overtime, Defendant failed to calculate Plaintiffs and the putative class members' proper overtime wages at time and a half of their regular rate for hours that they worked over 40 hours in a work week.

26.     As a result of Defendant's unlawful acts, Plaintiffs and the putative class members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

27.     Defendant's unlawful conduct has been willful and intentional. Defendant was aware or should have been aware that the practices described herein are unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the putative class members.

28.     Because Defendant's violation of the FLSA has been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

### SECOND CAUSE OF ACTION: BREACH OF COMMISSION PLAN

29.     The preceding paragraphs are incorporated herein for all purposes.

30.     Plaintiffs and Defendant entered into a valid and enforceable agreement to pay commissions based on the 2018 Commission Plan.

31.     Plaintiffs fully performed their contractual obligations under the 2018 Commission Plan.

32.     Defendant breached their agreement with Plaintiffs by refusing to pay them under the Commission Plan for work already performed and commissions already earned.

33.     Defendant breached their agreement with Plaintiffs by instructing them that to receive the commission payments for work they had already completed and the commissions they had already fully earned, they would have to work through January 2022 without any additional compensation.

34.     Defendant's breach caused injury to Plaintiffs, which resulted in actual damages (*i.e.*, the difference between what Plaintiffs should have earned under the 2018 Commission Plan and the payments Plaintiffs actually received for that work) in an amount to be proven at trial.

35.     Alternatively, Plaintiffs seek the equitable remedy of specific performance of their agreement with Defendant—namely, that Defendant pay them for work performed to date and commissions earned to date under the 2018 Commission Plan.

### THIRD CAUSE OF ACTION: BREACH OF OVERTIME AGREEMENT

36.     The preceding paragraphs are incorporated herein for all purposes.

37.     Plaintiffs and Defendant entered into a valid and enforceable agreement that Defendant would compensate Plaintiffs at time and one half their regular rate for all hours worked over 40 in a week.

38.     Plaintiffs fully performed their contractual obligations.

39.     Defendant breached their agreement with Plaintiffs by refusing to pay them time and one half their regular rate for all hours worked over 40 in a week.

40.     Defendant's breach caused injury to Plaintiffs, which resulted in actual damages in an amount to be proven at trial.

### V.     COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

41.     Pursuant to Section 16(b) of the FLSA, Plaintiffs bring this the FLSA Cause of Action in this Complaint as a collective action, on behalf of themselves and all persons similarly situated who consent to join this litigation by filing a written consent with the Court and who also agree to be represented by Plaintiff's counsel, such persons making claims under the FLSA for the three years preceding the filing of this Complaint or the filing with the Court of each such person's written consent to joinder until entry of judgment after trial.

42.     Defendant has a common policy or scheme of classifying Account Managers as non-exempt from overtime but refusing to pay them time and one-half their regular rate of pay for hours worked over forty per week. As a result of this common policy or scheme, Defendant wrongfully denied Account Managers of properly calculated overtime for all hours worked in excess of forty in a workweek. Therefore, the Court should certify a collective action of all current and former Account Managers employed by Defendant at any time during the three years preceding the filing of this Complaint.

43.     Plaintiffs are informed and believe, and based thereon, allege that there are other FLSA class members who could "opt-in" to this class, the actual number of FLSA class members is readily ascertainable by a review of Defendant's records through appropriate discovery, and Plaintiffs propose to take proceedings in this action to have such persons notified of this litigation and given an opportunity to file written consents to join this litigation.

## VI.        CLASS ACTION FOR BREACH OF CONTRACT CLAIMS

44.     Plaintiffs bring their breach of contract claims under this Complaint as a class action under Rules 26(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and all others similarly situated.

45.     Plaintiffs seeks to represent a Rule 23(b) (3) class initially defined as: All eligible Amino Account Managers who were not paid overtime based on one and one half times their regular rate of pay for all hours worked over forty.

46.      Plaintiffs seeks to represent a second Rule 23(b) (3) class initially defined as: All eligible Amino Account Managers who did not receive their promised 2018 Commission Plan rate of pay for all commissions earned but not paid prior to November 1, 2021.

47.     Excluded from the Class are Defendants, their employees, officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries, the judge and court staff to whom this case is assigned.

48.     Plaintiffs reserve the right to amend the definition of the Class if discovery or further investigation reveals that the class should be expanded or otherwise modified.

49.     **Numerosity and Ascertainability**: This action satisfies the requirements of Federal Rule of Civil Procedure 23 (a)(1). Plaintiffs are informed and believe there are approximately ten eligible employees. Individual joinder of all Class Members is impracticable.

50.     Each of the Classes is ascertainable because its members can be readily identified using public information. Plaintiffs anticipate providing appropriate notice to each certified Class, in compliance with Federal Rule of Civil Procedure 23(c)(2)(b), to be approved by the Court after class certification.

51.     **Predominance and Commonality:** This action satisfies the requirements of Federal Rules of Civil Procedure 23(a)(2) and 23(b)(3) because questions of law and fact that have common answers predominate over questions affecting only individual Class Members. These include, without limitation, the following:

    a.  Whether Defendant violated the terms of its agreement to pay overtime to Class Members for all hours worked over forty;

    b.  Whether Defendant violated the terms of its 2018 Commission Plan by refusing to pay out earned commission payments under the Commission Plan and changing the terms of the Commission Plan retroactively;

c.   Whether Defendant violated the terms of its 2018 Commission Plan by making its performance impossible, by requiring Class Members to choose between earned but unpaid commissions and any salary going forward.

52.    **Typicality**: This action satisfies the requirements of Federal Rule of Civil Procedure 23(a)(3) because Plaintiffs' claims are typical of the claims of the Class members, and arise from the same course of conduct by Defendant.

53.    **Adequate Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have retained counsel with substantial experience in prosecuting complex class actions.

54.    Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the Class, and have the financial resources to do so. Neither Plaintiffs nor their counsel have interests adverse to those of the Class.

55.    **Superiority**: This action satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3) because the class action is superior to other available methods of fair and efficient adjudication of this controversy. The common questions of law and fact regarding Defendant's conduct and responsibility predominate over any questions affecting only individual Class members.

56.    The burden imposed on the judicial system by individual litigation by even a small fraction of the Class would be extensive, making class adjudication the superior alternative under Federal Rule of Civil Procedure 23(b)(3).

57.    The conduct of this action as a class action presents far fewer management difficulties, far better conserves judicial resources and the parties' resources, and far more effectively protects the rights of each Class member than would piecemeal litigation. Compared

to the expense, burdens, inconsistencies, economic infeasibility, and inefficiencies of individualized litigation, the challenge of managing this action as a class action are substantially outweighed by the benefits to the legitimate interests of the parties, the court, and the public of class treatment in this court making class adjudication superior to other alternatives, under Federal Rule of Civil Procedure 23(b)(3)(D).

58.     Plaintiffs are not aware of any obstacles likely to be encountered in the management of this action that would preclude its maintenance as a class action. Rule 23 provides the Court with authority and flexibility to maximize the efficiencies and benefits of the class mechanism and reduce management challenges. The Court may, on motion of Plaintiffs or on its own determination, certify classes for claims sharing common legal questions; utilize the provisions of Rule 23(d) to certify any particular claims, issues, or common questions of law or fact for class-wide adjudication; certify and adjudicate bellwether class claims; and utilize Rule 23(c)(5) to divide any Class into subclasses.

59.     The undersigned counsel for Plaintiffs and the Class request that this Court appoint them to serve as Class counsel; first on an interim basis and then on a permanent basis pursuant to Federal Rule of Civil Procedure 23(g). Undersigned counsel will fairly and adequately represent the interests of the Class, have identified or investigated the Class's potential claims, are experienced in handling class actions, other complex litigation, and contract claims of the type asserted in this action, know the applicable law, will commit sufficient resources to represent the class, and are best able to represent the Class.

## VII.    ATTORNEYS' FEES AND COSTS

60.     Plaintiffs incorporate by reference all the allegations made in the preceding paragraphs, as if fully set forth herein.

61.     Plaintiffs seeks an award of all reasonable and necessary attorneys' fees and costs

under the Fair Labor Standards Act, any and all applicable statutory and common law provisions,

in addition to any other relief and actual and special damages requested herein.

## VIII.   JURY DEMAND

62.     Plaintiffs demand a trial by jury.

## IX.     PRAYER

63.     Plaintiffs pray for judgment against Defendants as follows:

a.  A judgment certifying the proposed Rule 23(b)(3) Class for the breach of contract claims and designating Plaintiffs as the named representative of the Class, and designating the undersigned as Class Counsel;

b.  Certification of the overtime claims as a collective action under the Fair Labor Standards Act;

c.  actual damages;

d.  liquidated damages;

e.  equitable relief (specific performance);

f.  consequential damages;

g.  exemplary damages;

h.  all costs of court;

i.  attorneys' fees pursuant to any and all applicable laws;

j.  pre-judgment and post-judgment interest as provided by law; and

k.  any and all further relief, both in law and equity, to which Plaintiffs may be deemed justly entitled.

Respectfully submitted,


/s/ Lawrence Morales II
LAWRENCE MORALES II
State Bar No. 24051077
ALLISON S. HARTRY
State Bar No. 24083149
**THE MORALES FIRM, P.C.**
6243 IH-10 West, Suite 132
San Antonio, Texas 78201
Telephone No. (210) 225-0811
Facsimile No. (210) 225-0821
lawrence@themoralesfirm.com
ahartry@themoralesfirm.com

***ATTORNEYS FOR PLAINTIFFS***